IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA )
)
v. ) Criminal No. 3:10CR309–HEH
)
VAGAS DAVIS, )
)
Petitioner. )

## MEMORANDUM OPINION
(Denying Rule 59(e) Motions)

By Memorandum Opinion and Order entered on October 15, 2015, the Court denied on the merits a motion pursuant to 28 U.S.C. § 2255 filed by Vagas Davis. *United States v. Davis*, Nos. 3:10CR309–HEH, 3:13CV617–HEH, 2015 WL 6110335, at *1–6 (E.D. Va. Oct. 15, 2015). That Memorandum Opinion and Order also denied relief upon Davis's two *pro se* Supplemental Motions and Memoranda of Law to Vacate (ECF Nos. 88, 93). *See id.* at *7. On November 12, 2015, the Court received from Davis yet another *pro se* Supplemental Motion and Memorandum of Law to Vacate (ECF No. 101) and a Supplemental Response to Government's Response to Summary Judgment (ECF No. 102).

Because Davis filed the foregoing submissions within twenty-eight (28) days of the entry of the October 15, 2015 Memorandum Opinion and Order, the Court will consider the submissions motions for relief under Federal Rule of Civil Procedure 59(e) (hereinafter "Rule 59(e) Motions"). *See MLC Auto., LLC v. Town of Southern Pines*, 532

F.3d 269, 277–78 (4th Cir. 2008) (citing *Dove v. CODESCO*, 569 F.2d 807, 809 (4th Cir. 1978)).

"[R]econsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (internal quotation marks omitted). The United States Court of Appeals for the Fourth Circuit recognizes three grounds for relief under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993) (citing *Weyerhaeuser Corp. v. Koppers Co.*, 771 F. Supp. 1406, 1419 (D. Md. 1991); *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990)). Davis fails to demonstrate any basis for granting relief under Rule 59(e). Instead, Davis largely seeks to revisit matters already addressed and rejected by this Court. However, a "Rule 59(e) motion may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Pac. Ins. Co.*, 148 F.3d at 403 (quoting 11 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1810.1, at 127–28 (2d ed. 1995)). Accordingly, Davis's Rule 59(e) Motions (ECF No. 101, 102) will be denied.

Davis's Motion to Withdraw Attorney and Appoint New Counsel (ECF No. 103) will be granted in part and denied in part. Specifically, Charles Gavin, Esq., is relieved

of any further obligation to represent Davis. Davis request to appoint new counsel is denied.

Davis's Motion Expedite Hearing (ECF No. 104) will be denied.

An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). Davis has not satisfied this standard. Accordingly, a certificate of appealability will be denied.

An appropriate Order will accompany this Memorandum Opinion.

/s/
HENRY E. HUDSON
UNITED STATES DISTRICT JUDGE

Date: Nov. 25, 2015
Richmond, Virginia

3